**CITIZENS STATE BANK OF LINDEN et al. v. RAND et al.**

No. 3621.

Court of Civil Appeals of Texas. El Paso.
April 7, 1938.

For former opinion, see 114 S.W.2d 578.

H. S. Garrett, of Fort Worth, and C. R. Newland and Newland & Cornett, all of Linden, for appellants.

Pippen & Salmon, of Linden, and Jones & Jones, of Marshall, for appellees.

WALTHALL, Justice.

The holding in our opinion upon appellants' motion for rehearing that it would be necessary to file additional pleadings in order to make the interlined deed admissible is withdrawn. Appellants relied upon a plea of not guilty. The deed had been of record for more than 10 years, and no affidavit of forgery had been filed preceding the trial. The question at issue and the proper procedure are controlled by the holding of our Supreme Court in Rodriguez v. Haynes, 76 Tex. 225, 13 S.W. 296, 298, reading as follows:

"If nothing appears to the contrary, the alteration, it is said, will be presumed to be contemporaneous with the execution of the instrument. 'If any ground of suspicion is apparent upon the face of the instrument, the law presumes nothing, but leaves the question of the time when it was done, as well as that of the person by whom and the intent with which the alteration was made, as matters of fact, to be ultimately found by the jury upon proofs to be adduced by the party offering the instrument,' etc. 1 Greenl.Ev. § 564. These principles are recognized in Park v. Glover's Heirs, 23 Tex. [469] 472. Although there is not perfect harmony in the cases on the subject, it is generally agreed that, as fraud is not presumed, therefore, if no peculiar circumstances of suspicion attach to an altered instrument, the alteration is presumed to be innocent, or to have been made prior to its execution. 1 Greenl.Ev. § 564, and note 1."

In other respects our views are unchanged.